# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

BRIAN BERRY, JEMARIO ANDERSON,
REGINALD TRAMMON and EDWYN DURANT,

      Plaintiffs,

v.                                                                    CASE NO. 6:11-CV-1740-Orl-36KRS

JERRY DEMINGS, TRAVIS LESLIE,
KEITH VIDLER, DAVE OGDEN and
JOHN DOES 1-10,

      Defendants.
_____/

## ORDER

This cause comes before the Court on three separate Motions to Dismiss: (1) Defendant Travis Leslie's Motion to Dismiss (Doc. 34); (2) Defendant Keith Vidler's Motion to Dismiss (Doc. 35); and (3) Defendant Dave Ogden's Motion to Dismiss (Doc. 38). Plaintiffs Brian Berry ("Plaintiff Berry"), Jemario Anderson ("Plaintiff Anderson"), Reginald Trammon ("Plaintiff Trammon") and Edwyn Durant ("Plaintiff Durant") (collectively, "the Plaintiffs") have not filed a Response to any of these Motions and the time to do so has expired. Accordingly, these matters are ripe for review.

## BACKGROUND

    **I.**    **Statement of Facts[1]**

---

[1] The following statement of facts is derived from Plaintiffs' Complaint (Doc. 1), the allegations of which the Court must take as true in ruling on a motion to dismiss. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

Plaintiff Berry has operated the barbershop Strictly Skillz since March 2007. Doc. 1, ¶ 30. Strictly Skillz is located in the predominantly minority-inhabited Pine Hills community of Orlando, Florida. *Id*. at ¶¶ 13, 30. Plaintiff Berry is a licensed barber and the sole-owner of Strictly Skillz. *Id*. Plaintiff Anderson, Plaintiff Trammon and Plaintiff Durant are licensed barbers who work as independent contractors at Strictly Skillz. *Id*. at ¶ 31. All of the Plaintiffs are African-American. *Id*. at ¶¶ 30-31. While Strictly Skillz serves a variety of clients, the majority of its clientele is African-American. *Id*. at ¶ 32.

On August 21, 2010, the Orange County Sheriff's Office ("OCSO"), acting in conjunction with the Department of Business & Professional Regulation ("DBPR"), conducted unannounced "raid-style" inspections and searches of nine barbershops in the Pine Hills community.[2] *Id*. at ¶ 35. Strictly Skillz was among the barbershops targeted. *Id*. at ¶ 36. Upon entering Strictly Skillz, armed OCSO deputies ordered all of the customers to leave the shop; including those who were in the middle of getting their hair cut. *Id*. at ¶ 38. Plaintiffs Berry, Anderson and Trammon were placed in arm restraints and subjected to pat-downs. *Id*. at ¶ 40. OCSO deputies, with the aid of a DBPR inspector, conducted an extensive search of the barbershop, including drawers and cabinets. *Id*. at ¶ 42. The officers never claimed to have a warrant to conduct the search nor did they ever produce a warrant. *Id*. at ¶ 43. Eventually, the OCSO deputies and the DBPR employee left the barbershop without citing the Plaintiffs for any violations or crimes. *Id*. at ¶ 48. The OCSO deputies and DBPR employees conducted the "raid-style" inspections at other African-American and Hispanic-American barbershops on September 17, 2010 and October 8, 2010. *Id*. at ¶ 50.

---

[2]Two days before the raid, on August 19, 2010, two DBPR inspectors performed a walk-through inspection of Strictly Skillz. *Id*. at ¶ 45. Pursuant to that inspection, the DBPR inspectors had knowledge of the Plaintiffs' compliance with professional licensing requirements. *Id*. at ¶ 46.

After the August 21, 2010 raid, business dropped significantly for the Plaintiffs and Strictly Skillz. *Id*. at ¶ 58. The Plaintiffs also allege that the actions of the OCSO and DBPR have caused them to suffer fear, humiliation, invasion of privacy, anxiety, stress, emotional and mental distress, and injury. *Id*. at ¶ 49.

## II.   Procedural History

On October 31, 2011, Plaintiffs Berry, Anderson, Trammon and Durant filed a ten-count Complaint with this Court (Doc. 1). The Complaint names the following defendants: (1) Orange County; (2) Jerry Demings, Orange County Sheriff; (3) Ken Lawson, Department of Business and Professional Regulation Secretary; (4) Deputy Travis Leslie; (5) Deputy Terry Wright; (6) Deputy Kim Parmenter; (7) Deputy Tracy Weiss; (8) Corporal Donald Murphy; (9) Corporal Antorrio Wright; (10) Corporal Keith Vidler; (11) Amanda Fields; (12) Daniel Hogan; and (13) Captain Dave Ogden. *Id*. The Court entered Orders terminating Defendant Orange County (Doc. 36), Defendants Charlie Liem, Ken Lawson, Amanda Fields and Daniel Hogan (Doc. 70), and Defendants Donald Murphy, Antorrio Wright, Terry Wright, Kim Parmenter and Tracy Weiss (Doc. 83) as parties to this case . Accordingly, the only remaining parties in this action are Orange County Sheriff Jerry Demings ("Defendant Demings"); Deputy Travis Leslie ("Defendant Leslie"); Corporal Keith Vidler; ("Defendant Vidler"); and Captain Dave Ogden ("Defendant Ogden") (collectively, "the Defendants").

Plaintiffs' Complaint alleges seven Counts against Defendant Leslie: (1) Count One - Violation of the Fourteenth Amendment, 42 U.S.C. § 1983 (individual capacity); (2) Count Three - Violation of the Fourth Amendment, § 1983 (individual capacity); (3) Count Five - Violation of the Florida Constitution, Article I, Section 12; (4) Count Six - Violation of the Florida Constitution, Art.

I, Section 23; (5) Count Seven - False Imprisonment; (6) Count Eight - Battery; and (7) Count Nine - Declaratory Relief (Doc. 1). Plaintiffs' Complaint alleges five Counts against Defendant Vidler: (1) Count One - Violation of the Fourteenth Amendment, § 1983 (individual capacity); (2) Count Three - Violation of the Fourth Amendment, § 1983 (individual capacity); (3) Count Five - Violation of the Florida Constitution, Article I, Section 12; (4) Count Six - Violation of the Florida Constitution, Article I, Section 23; and (5) Count Nine - Declaratory Relief. *Id*. Plaintiffs' Complaint alleges seven Counts against Defendant Ogden: (1) Count One - Violation of the Fourteenth Amendment, § 1983 (individual capacity); (2) Count Two - Violation of the Fourteenth Amendment, § 1983 (official capacity); (3) Count Three - Violation of the Fourth Amendment, § 1983 (individual capacity); (4) Count Four - Violation of the Fourth Amendment, § 1983 (official capacity); (5) Count Five - Violation of the Florida Constitution, Article I, Section 12; (6) Count Six - Violation of the Florida Constitution, Article I, Section 23; and (7) Count Nine - Declaratory Relief. *Id*.

## STANDARD

To survive a motion to dismiss, a pleading must include a "short and plain statement showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere naked assertions, too, are not sufficient. *Id*. A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." *Id*. (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id*. Therefore, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. (citation omitted).

## ANALYSIS

### I. Failure to State a Claim

#### A. Count One

Count One alleges § 1983 violations of the Equal Protection Clause of the Fourteenth Amendment, against the Defendants in their individual capacities (Doc. 1, ¶¶ 63-69). Defendants Leslie, Vidler and Ogden assert that this Count is subject to dismissal for failure to state a claim upon which relief may be granted. Doc. 34, p. 2; Doc. 35, p. 2; Doc. 38, p. 2. Specifically, the Defendants assert that the Plaintiffs have failed to allege sufficient factual allegations to show that the selection of Strictly Skillz for inspection was instigated personally by the Defendants or that the selection was motivated by a discriminatory intent. *Id*.

To assert a claim under the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that: (1) he was treated differently from similarly situated persons; and (2) the defendant unequally applied the laws for the purpose of discriminating against him. *Morris v. City of Orlando*, 2010 WL 4646704, at *7 (M.D. Fla. 2010) (citing *GJR Inv. v. Cnty. of Escambia*, 132 F.3d 1359, 1367 (11th Cir. 1998)). The similarly situated persons must be "prima facie identical [to plaintiffs] in all relevant respects." *Id*. (citing *Campbell v. Rainbow City, Ala.*, 434 F.3d 1306, 1314 (11th Cir. 2006)).

Though the Plaintiffs assert that they were targeted on the basis of their race, there are no allegations in the Complaint from which it may plausibly be inferred that Defendants Leslie, Vidler

or Ogden intended to treat the Plaintiffs differently from similarly situated persons. In other words, the Plaintiffs assert that they were treated unfairly by the Defendants, but not necessarily any differently than similarly situated persons. Absent specific factual allegations, the Plaintiffs' Equal Protection claim must be dismissed against these Defendants as insufficiently pled. Therefore, Count One of the Complaint is dismissed as to Defendants Leslie, Vidler and Ogden for failure to state a claim upon which relief may be granted.

### B.    Count Three

Count Three alleges § 1983 violations of the Fourth Amendment, against the Defendants in their individual capacities (Doc. 1, ¶¶ 78-82). Defendants Leslie, Vidler and Ogden assert that this Count is also subject to dismissal for failure to state a claim. Doc. 34, pp. 5-6; Doc. 35, pp. 5-6; Doc. 38, p. 7. Specifically, the Defendants assert that the Plaintiffs have failed to allege sufficient factual allegations to show that the Defendants personally seized or searched any of the Plaintiffs. *Id*. Moreover, the Defendants argue that they have not received fair notice of the factual basis of this claim. *Id*.

To state a claim under § 1983 for a Fourth Amendment violation, a plaintiff must allege that the defendant conducted an unreasonable search. *Buckley v. Gately*, 2009 WL 2868632, at *3 (M.D. Fla. 2009) (citing *Samson v. California*, 547 U.S. 843, 848 (2006)). To determine whether a particular governmental activity violates the Fourth Amendment, the Court must decide whether the activity constitutes a search, and, if it does, whether the search was unreasonable. *Beattie v. City of St. Petersburg Beach*, 733 F. Supp. 1455, 1457 (M.D. Fla. 1990) (citing *Nat'l Treasury Emp. Union v. Von Raab*, 489 U.S. 656, 665 (1989)).

The Plaintiffs have alleged that Defendants Leslie and Vidler were on the premises of Strictly Skillz on August 21, 2010, and "assisted with the planning and/or operations of the warrantless raid that commenced that day." Doc. 1, ¶ 25. The inspection was explained to the Plaintiffs as an "ordinary health and business inspection," despite the fact that the DBPR conducted an inspection of Strictly Skillz just two days earlier. *Id*. at ¶ 45. The Plaintiffs were placed in arm restraints and subject to pat-downs while the drawers and cabinets of the barbershop were searched. *Id*. at ¶¶ 11, 40, 42. Moreover, the officers never claimed to have a warrant to conduct the search nor did they ever produce a warrant. *Id*. at ¶ 43.

Based on the Complaint, the Plaintiffs have sufficiently alleged that Defendants Leslie and Vidler were involved in conducting an unreasonable search. Furthermore, based on these allegations, Defendants Leslie and Vidler have received fair notice of the factual basis of this claim. However, Plaintiffs do not allege that Defendant Ogden was present at the time of the alleged search. Plaintiffs have failed to allege that he engaged in a search of any kind. There are no allegations that Defendant Ogden was personally involved in the acts or omissions that resulted in the deprivation of Plaintiffs' constitutional rights to warrant a claim for individual liability under § 1983. *See Hale v. Tallapoosa Cnty*., 50 F.3d 1579, 1582 (11th Cir. 1995). Therefore, Count Three of the Complaint is dismissed as to Defendant Ogden only.

### C.     Counts Five and Six

Counts Five and Six allege violations under the Florida Constitution. *Id*. at ¶¶ 76-86. Defendants Leslie, Vidler and Ogden assert that these Counts are subject to dismissal because there is no cognizable claim for money damages under Florida's Constitution. Doc. 34, p. 8; Doc. 35, p. 8; Doc. 38, pp. 9-10.

Article I, Section 12 of the Florida Constitution recognizes an individual's right to be free from unreasonable searches and seizures, whereas Section 23 recognizes an individual's right to privacy. Fla. Const. Art. I, §§ 12, 23. However, such "Florida constitutional claims do not support claims for damages absent a separate enabling statute." *Holcy v. Flagler Cnty. Sheriff*, 2007 WL 2669219, at *6 (M.D. Fla. 2007) (citing *Garcia v. Reyes*, 697 So. 2d 549 (Fla. 4th DCA 1997)); *see also Youngblood v. Fla. Dep't of Health*, 224 Fed.Appx. 909, 913 (11th Cir. 2007). In fact, the Supreme Court of Florida expressly held that a violation of Article I, Section 23 does not give rise to a cause of action for money damages. *Resha v. Tucker*, 670 So. 2d 56, 58-59 (Fla. 1996).

Plaintiffs have failed to allege that a separate enabling statute exists, and the Court is unaware of one. Accordingly, Plaintiffs' Complaint has failed to sufficiently allege violations of Fla. Const. Art. I, §§ 12, 23. Therefore, Counts Five and Six of the Complaint are dismissed, with prejudice, as to Defendants Leslie, Vidler and Ogden.

## II.     Duplicative Claims

### A.     Counts Two and Four

Counts Two and Four of the Plaintiffs' Complaint assert § 1983 violations of the Fourth and Fourteenth Amendment against Defendant Ogden, in his official capacity (Doc. 1). An official capacity suit is essentially, "pleading an action against the entity which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). Plaintiffs allege that Defendant Ogden is employed by the OCSO as a Captain. *See* Doc. 1, ¶ 24. However, Counts Two and Four are also asserted against the OCSO Sheriff, Defendant Demings, in his official capacity. Accordingly, these Counts are duplicative of one another as they both assert violations against the OCSO as an entity. These Counts are more properly asserted

against Defendant Demings, rather than against Defendant Ogden. *See, e.g.*, *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (finding a county sheriff in his official capacity as the proper defendant). Therefore, Counts Two and Four of the Complaint are dismissed, with prejudice, as to Defendant Ogden as duplicative.

### III.   Qualified Immunity

Defendants Leslie, Vidler and Ogden also assert that they each are entitled to qualified immunity on Plaintiffs' § 1983 claims, Counts One and Three. Doc. 34, pp. 6-8; Doc. 35, pp. 6-8; Doc. 38, pp. 8-9. With regard to § 1983 claims, "[q]ualified immunity offers complete protection for government officials sued in their individual capacities when acting within their discretionary authority if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1305 (11th Cir. 2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

To establish that the challenged actions were within the scope of his discretionary authority, a defendant must show that those actions were: "(1) undertaken pursuant to the performance of his duties, and (2) within the scope of his authority." *Gray ex. rel. Alexander v. Bostic*, 458 F.3d 1295, 1303 (11th Cir. 2006). In the Complaint, the Plaintiffs assert that at all material times Defendants Leslie, Vidler and Ogden were "working within the course and scope of [their] employment and acting under the color of law." Doc. 1, ¶¶ 24-25. Therefore, this element has been established.

The burden now shifts to the Plaintiffs to show that qualified immunity is inappropriate. To do so, the Plaintiffs must satisfy the two-prong test that the Supreme Court articulated in *Saucier v. Katz*, 533 U.S. 194 (2001) showing (1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the violation. *Id*. at 201. "Clearly established" means

that it would be clear to a reasonable official that his conduct was unlawful in the situation he confronted. *Id.* Therefore, the question for this Court in assessing the Defendants' immunity is whether, taking all of the Plaintiffs' allegations as true, the Complaint alleges the violation of a clearly established constitutional right. *Gonzalez v. Reno*, 325 F.3d 1228, 1233 (11th Cir. 2003).

As previously discussed, based on the Complaint, the Plaintiffs have sufficiently alleged that Defendants Leslie and Vidler were involved in conducting an unreasonable search. This constitutes the violation of a clearly established right. *See, e.g.*, *O'Rourke v. Hayes*, 378 F.3d 1201, 1208-09 (11th Cir. 2004) (holding that a search conducted without a warrant or exigency justifying the search "violated rights that are clearly established under . . . general statements of [Fourth Amendment] principle."). Accordingly, accepting the well pled allegations of the Complaint as true, Defendants Leslie and Vidler are not entitled to qualified immunity, at this stage of the litigation, on Count Three. Conversely, Plaintiffs have failed to sufficiently allege the violation of any constitutional right with regard to Defendant Ogden and he will be dismissed from Count Three. Therefore, as to Count Three, the qualified immunity analysis is inapplicable to Defendant Ogden. Defendant Ogden may reassert quality immunity if warranted by the allegations in the Amended Complaint.

As to Count One, Plaintiffs have failed to plead the violation of a constitutional right and that claim will be dismissed with leave to amend. *See* discussion *supra*. Therefore, the Court will not undertake a qualified immunity analysis as to Count One. Because Plaintiffs will be given leave to amend the Complaint, Defendants Leslie, Vidler and Ogden may reassert qualified immunity if warranted by the allegations in the Amended Complaint.

IV.     **Statutory Immunity**

Defendants Vidler and Ogden seek dismissal of Counts Five and Six on the basis that they are entitled to statutory immunity under Fla. Stat. § 768.28(9)(a) (2012). Doc. 35, pp. 9-11; Doc. 38, pp. 10-11. Defendant Leslie seeks the dismissal of Counts Five, Six, Seven and Eight based upon this same argument. Doc. 34, pp. 9-11. In relevant part, § 768.28(9)(a) provides:

> No officer, employee, or agent of the state or any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of his employment of function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton or willful disregard of human rights, safety, or property.

§ 768.28(9)(a). Accordingly, in order for an officer to be held personally liable for any injury resulting from an act the officer committed in the scope of his employment, the officer must have acted in bad faith, with malicious purpose, or in a willful and wanton manner. *Prieto v. Malgor*, 361 F.3d 1313, 1320 (11th Cir. 2004). A complaint is deficient for failing to make "specific allegations as to mental state so as to defeat the officers' statutory immunity." *Koves v. City of Orlando*, 2007 WL 2225978, at *2 (M.D. Fla. 2007); *see also Searer v. Wells*, 837 F. Supp. 1198, 1201 (M.D. Fla 1993).

To overcome a grant of statutory immunity, Plaintiffs' Complaint must allege that the Defendants acted in bad faith or with malicious purpose or in a manner exhibiting wanton or willful disregard of human rights, safety or property. *See* § 768.28(9)(a). Despite outlining their factual allegations, the Plaintiffs never discuss the Defendants' respective states of mind. There are no assertions that the officers acted in bad faith, with malicious purpose, or in a willful and wanton manner. Accordingly, Defendants Leslie, Vidler and Ogden are statutorily immune from suit in

their individual capacities. Counts Five and Six are dismissed as to Defendants Vidler and Ogden. Likewise, Counts Five, Six, Seven and Eight are dismissed as to Defendant Leslie.

### V. Declaratory Relief

Count Nine seeks declaratory relief (Doc. 1, ¶¶ 97-78). Defendants Leslie, Vidler and Ogden assert that the Plaintiffs have failed to allege sufficient facts to demonstrate that a declaratory judgment is proper in this action. Doc. 34, pp. 11-12; Doc. 35, pp. 10-12; Doc. 38, pp. 11-13. Initially, the Defendants argue that it is impossible to determine whether the Plaintiffs are seeking a declaratory judgment against the Defendants individually, or against the agencies that employ them. *Id*. Additionally, the Defendants argue that the Plaintiffs have failed to establish the basic requirements necessary for the issuance of equitable relief. *Id*.

A party seeking declaratory relief must show that: (1) there is a bona fide, actual, present practical need for the declaration; (2) the declaration should deal with present, ascertained, or ascertainable state of facts or present controversy as to a state of facts; (3) some immunity, power, privilege, or right of the complaining party is dependent upon the facts or the law applicable to the facts; (4) there is some person(s) who have, or reasonably may have, an actual, present, adverse, and antagonistic interest in the subject matter, either in fact or law; (5) the antagonistic and adverse interest is all before the court by proper process or class representation; and (6) the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity. *Kiser v. CSX Real Prop., Inc.*, 2007 WL 4463878, at *2 (M.D. Fla. 2007); *see also Transp. Cas. Ins. Co. v. Soil Tech Distrib., Inc.*, 966 So. 2d 8, 9-10 (Fla. 4th DCA 2007).

The Court is in agreement with the Defendants that the Plaintiffs' Complaint is unclear as to whether they are seeking a declaratory judgment against the Defendants individually, or against

the agencies that employ them. These factual allegations are essential before the Court can determine whether Plaintiffs have stated a claim for relief as to these Defendants. Accordingly, the Plaintiffs have failed to sufficiently allege facts to demonstrate that a declaratory judgment is proper as to Defendants Leslie, Vidler and Ogden. Therefore, Count Nine of the Complaint is dismissed as to Defendants Leslie, Vidler and Ogden.

**VI.     Conclusion**

Counts One, Five and Six are dismissed as to Defendants Leslie, Vidler and Ogden for failure to state a claim upon which relief can be granted. Count Three is dismissed as to Defendant Ogden for failure to state a claim. Counts Two and Four are dismissed as to Defendant Ogden as duplicative. Counts Five and Six are dismissed as to Defendants Vidler and Ogden on the grounds of statutory immunity. Likewise, Counts Five, Six, Seven and Eight are dismissed as to Defendant Leslie on the grounds of statutory immunity. Last, Count Nine is dismissed as to Defendants Leslie, Vidler and Ogden as the Plaintiffs have failed to allege facts sufficient to demonstrate that a declaratory judgment is proper. Accordingly, only Count Three remains as to Defendants Leslie and Vidler. No Counts remain as to Defendant Ogden.

Accordingly, it is hereby **ORDERED and ADJUDGED**:

1. Defendant Travis Leslie's Motion to Dismiss Plaintiffs Brian Berry, Jemario Anderson, Reginald Trammon and Edwyn Durant's Complaint (Doc. 34), is **GRANTED in part** and **DENIED in part**. Count One is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted. Counts Five and Six are **DISMISSED** with prejudice, as no cognizable claim exists. Count Nine is **DISMISSED** without prejudice for failure to allege facts sufficient to demonstrate

      that a declaratory judgment is proper.  In all other respects, Defendant's Motion to Dismiss is **DENIED**.

2. Defendant Keith Vidler's Motion to Dismiss the Plaintiffs' Complaint (Doc. 35) is **GRANTED in part** and **DENIED in part**.  Count One is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted.  Counts Five and Six are **DISMISSED** with prejudice, as no cognizable claim exists.  Count Nine is **DISMISSED** without prejudice for failure to allege facts sufficient to demonstrate that a declaratory judgment is proper.  In all other respects, Defendant's Motion to Dismiss is **DENIED**.

3. Defendant Dave Ogden's Motion to Dismiss the Plaintiffs' Complaint (Doc. 38) is **GRANTED**.  Counts One and Three are **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted.  Counts Five and Six are **DISMISSED** with prejudice, as no cognizable claim exists.  Counts Two and Four are **DISMISSED** with prejudice as duplicative.  Count Nine is **DISMISSED** without prejudice for failure to allege facts sufficient to demonstrate that a declaratory judgment is proper.

4. Plaintiffs are granted leave to file an Amended Complaint within **fourteen (14) days** from the date of this order which cures the deficiencies addressed in this Order.

**DONE AND ORDERED** at Orlando, Florida on September 26, 2012.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

**COPIES TO**:
COUNSEL OF RECORD